UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| F5 CAPITAL<br><br>                    Plaintiff,<br><br>vs.<br><br>RBS SECURITIES INC., THE<br>DEPOSITORY TRUST COMPANY<br><br>                    Defendants. | Case No. 3:14-cv -1469-VLB<br><br><br><br><br><br><br>April 6, 2015 |

### Declaration of Mark C. Rifkin in Opposition to Motion to Dismiss

Mark C. Rifkin hereby declares and states as follows:

1.      I am an attorney-at-law in good standing in the Supreme Court of New York and have been admitted *pro hac vice* to appear for the Plaintiff, F5 Capital ("F5"), in this action.

2.      I make this Declaration in opposition to the motion to dismiss under the doctrine of *forum non conveniens* filed by Defendant RBS Securities Inc. ("RBS"). I have personal knowledge of the facts stated herein, and if called as a witness I could and would testify competently thereto.

3.      On March 16, 2015, I caused a document subpoena to be served upon The Depository Trust Company ("DTC"), at one time a defendant in this action but now a non-party. A true and correct copy of the subpoena is attached hereto as Exhibit A.

4.      DTC, a subsidiary of the Depository Trust & Clearing Corporation,

("DTCC"), is the centralized clearinghouse for more than 50 exchanges and equity trading platforms in the United States, including the NASDAQ Stock Market, on which Star Bulk common stock is traded.  Among other services, DTC provides custody services in which it holds physical share certificates in registered form for safekeeping (akin to a safe deposit box) and it holds electronic shares in street name.

5.      In response to the subpoena, I have spoken on a number of occasions with counsel for DTC, Lawrence S. Elbaum, Esquire, of Proskauer.

6.      During the course of our discussions, Mr. Elbaum informed me that shares of Star Bulk Carriers Corp. ("Star Bulk") common stock that are the subject of this action were held by Defendant RBSSI in RBSSI's account with DTC.

7.      Mr. Elbaum never told me that the shares of Star Bulk common stock were held in an account for The Royal Bank of Scotland plc ("RBS"), or in any account other than the account that Defendant RBSSI maintained with DTC.

8.      Based upon the information provided to me by Mr. Elbaum, subject to a reservation of our respective clients' rights, we negotiated the scope of documents that DTC would produce in response to the subpoena.  In particular, we agreed that DTC would produce documents concerning all the Star Bulk shares held by RBSSI from the date these securities were first deposited with DTC by RBSSI until they were returned to F5 by DTC.

9.      Mr. Elbaum assured me that the documents concerning the Star Bulk shares held by RBSSI in its account at DTC would encompass all the shares at

issue in this action.

10.     Subject to the penalty of perjury under the laws of the United States, I declare that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

EXECUTED THIS 6th DAY OF APRIL, 2015.

**Mark C. Rifkin**

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of Connecticut

| | | |
|---|---|---|
| F5 CAPITAL | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   14-cv-1469 |
| RBS SECURITIES INC., and THE DEPOSITORY TRUST COMPANY | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Custodian of Records, The Depository Trust Company, 55 Water Street, New York, NY 10041

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached SCHEDULE A

| Place:  Wolf Haldenstein Adler Freeman & Herz LLP, 270 Madison Avenue, 10th Floor, New York, NY 10016 | Date and Time:<br><br>04/06/2015 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/16/2015

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Mark C Rifkin* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      F5 Capital
, who issues or requests this subpoena, are:

Mark C. Rifkin, Wolf Haldenstein Adler Freeman & Herz LLP, 270 Madison Avenue, 10th Floor, New York, NY 10016, 212-545-4600, rifkin@whafh.com

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.   14-cv-1469

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

           I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

           ❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

           ❏ I returned the subpoena unexecuted because: _____

_____ .

           Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

           $ _____ .

My fees are $ _____  for travel and $ _____  for services, for a total of $   0.00   .

           I declare under penalty of perjury that this information is true.

Date: _____

                                 _____

                                          *Server's signature*

                                 _____

                                         *Printed name and title*

                                 _____

                                           *Server's address*

Additional information regarding attempted service, etc.:

# SCHEDULE A

## I.   **DEFINITIONS**

1.      "RBSSI" means RBS Securities, Inc., and, as the context requires, any of its directors, officers, employees, agents, representatives, affiliates, predecessors, subsidiaries, parents, or any other person or entity acting on its behalf.

2.      "RBS" means Royal Bank of Scotland Group plc and, as the context requires, any of its directors, officers, employees, agents, representatives, affiliates, predecessors, subsidiaries, parents, or any other person or entity acting on its behalf.

3.      "Star Bulk" means Star Bulk Carriers Corp. and, as the context requires, any of its directors, officers, employees, agents, representatives, affiliates, predecessors, subsidiaries, parents, or any other person or entity acting on its behalf.

4.      "DTC Participant" means any customer of The Depository Trust Company at any time covered by the subpoena.

## II.   **INSTRUCTIONS**

1.      Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

2.      Privilege/Redaction Log.  If any documents are within the scope of any request for production but are not being produced or are being produced with portions redacted, pursuant to any claim of privilege or confidentiality:

   a.  state the nature of the privilege claimed (*i.e.*, attorney client, work-product, etc.);

   b.  state the name of the attorney, if any, with respect to whom the privilege is claimed;

    c.   state the facts upon which you rely as the basis for claiming any privilege as to the specific information or document; and

    d.   state the name of such document; identify the type of document (*i.e.*, letter, memo, etc.); set forth the subject matter thereof; identify the person who prepared it and each person (if any) who signed it; identify each person to whom it was directed, circulated or shown; and identify each person now in possession of the document.  If any document is produced in redacted form, the word "redacted" is to be placed in the redacted section of the document.

3.    All documents shall be produced that respond to any part or clause of any paragraph of these requests.

4.    The documents to be produced pursuant to these requests specifically embrace, in addition to documents within your possession, custody or control, documents within the possession, custody or control of any of your agents, accountants, representatives or attorneys. Such documents also embrace originals, and identical copies (whether different from the original because of notes made thereon or otherwise) of the documents described in these requests.

5.    Destruction Log.  In the event that any document called for by these requests has been destroyed or discarded, that document is to be identified by stating:

    a.   the nature of the document;

    b.   any addressor or addressee;

    c.   any indicated or blind copies;

    d.   the document's date, subject matter, number of pages, and attachments or appendices;

    e.   all persons to whom the document was distributed, shown or explained;

2

    f.   its date of destruction or discard, manner of destruction or discard; and

    g.   the persons authorizing or carrying out such destruction or discard.

6.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, documents shall be produced as they are kept in the usual course of business or the documents shall be organized and labeled to correspond to the categories in these requests.  Documents gathered from hard-copy documents shall be provided in single page tagged image file format ("TIFF").  Document-level OCR text files should be provided for hard copy documents.  Electronically stored information ("ESI") shall be produced in native format linked to TIFF. Media may be delivered on CDs, DVDs, or External USB hard drives.  Hard copy documents and ESI in TIFF format should be provided with a Concordance Delimited File and an Opticon cross-reference file.  All metadata-data that describes the electronic files, *e.g.*, "date last modified," associated with ESI shall be produced in text format linked to the associated files.

7.      All documents that originated in electronic form shall be produced in their native electronic form, with metadata, as well as in any printed forms from non-electronic files.  The documents produced in electronic form shall be produced with an accompanying index, to the extent one exists, that lists:

        Beg doc # - First bates number of the document;

        End doc # - Last bates number of the document;

        Secondary begin doc # - First Bates number of unit;

        Secondary end doc # - End Bates number of unit (last page of

        last attachment to doc);

        Owner – Name of person whose files the document comes from;

        Doc date – date of file;

File size – number of bytes in the file;

File name – name of the file;

Document type – document type;

Doc title – subject line of document;

Author – Author;

Recipient – recipients;

cc – carbon copies; and

bcc – blind copies

8.    All documents that did *not* originate in electronic form shall be produced in searchable PDF format to the extent they are available, or can be made available, in that format.

9.    All electronic mail shall be provided in native e-mail format (*e.g.*, .pst, .nsf, .xls, and .doc), with metadata, as well as any printed forms from non-electronic files, and with the following fields combined in an accompanying index:

Owner – Name of person whose e-mail file or other e-files are being provided;

File Name – Name of file;

File Date – Date of file; and

File Size – Size of file

10.    The following requests are continuing in nature so as to require supplemental production pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. In the event you become aware of or acquire additional information relating or referring thereto, such additional information is to be promptly produced.

11.    Documents attached to each other in their original form should not be separated.

4

12.     In your response to each request, please: (a) identify by bates number or control number the document or documents being produced in response to such request; and (b) identify the person and department from whose files the documents is being produced.

13.     If you object to any Request on the ground that it is overly broad, you are instructed to produce documents in response to the Request as narrowed to conform to your objection within the period allowed for a response and to state in your responses:  (1) how you narrowed the Request, and (2) the reason why you claim the Request is overly broad.  Plaintiffs do not waive the right to compel the production as originally sought from Defendant.

14.     If a document responsive to a Request has been destroyed or discarded, identify the document in the same manner in which the privileged documents are to be identified as stated above.

15.     If no documents responsive to a particular Request exist or are within your possession, custody, or control, you must so state in your response to the Request.

**III.**     **DOCUMENTS TO BE PRODUCED**

1.     The daily Securities Position Report since January 1, 2007, for Star Bulk stock in any account maintained or owned (directly or indirectly, beneficially, or otherwise) by, for, or on behalf of:

        a.     RBSSI; or

        b.     RBS.

2.     The Corporate Action Folder since January 1, 2007, for Star Bulk stock.

3.     The daily Activity Statement for Participants since January 1, 2007, for Star Bulk stock in any account maintained or owned (directly or indirectly, beneficially, or otherwise) by, for, or on behalf of:

        a.     RBSSI; or

5

       b.     RBS.

4.     All other documents constituting, evidencing, or relating to any issuance, sale, exchange, transfer, hypothecation, or other disposition of Star Bulk shares at any time since January 1, 2007.

5.     All documents constituting, evidencing, or relating to any dividend in cash, stock, or otherwise, declared or paid at any time since January 1, 2007, on Star Bulk shares in any account maintained or owned (directly or indirectly, beneficially, or otherwise) by, for, or on behalf of:

       a.     RBSSI; or

       b.     RBS.

6