UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| F5 CAPITAL,  :  Plaintiff,  : | |
| : | CIVIL ACTION NO. |
| v.  : | 3:14-cv-1469 (VLB) |
| : | |
| RBS SECURITIES INC. AND THE  : | July 27, 2017 |
| DEPOSITORY TRUST COMPANY,  : | |
| Defendants.  : | |

### RULING DENYING MOTION FOR RECONSIDERATION [62]

Plaintiff F5 Capital ("F5") brought a five-count state law complaint for conversion, civil theft, negligence, replevin, and an accounting against Defendants RBS Securities Inc. ("RBSSI") and the Depository Trust Company ("DTC") in connection with their holding and refusing to turn over to Plaintiff shares in non-party Star Bulk Carriers Corp. ("Star Bulk"). The Court granted RBSSI's Motion to Dismiss, and Plaintiff thereafter moved for reconsideration, which Defendant opposed. Plaintiff's Motion for Reconsideration does not dispute the Court's Memorandum of Decision on Defendant's Motion to Dismiss, but rather seeks to impose conditions on the dismissal, including that Defendant be required to waive any objection based on personal jurisdiction or the statute of limitations. [Dkt. 62.] After briefing was complete on the Motion for Reconsideration, but before the Court ruled on the Motion, Plaintiff appealed the Court's dismissal to the Second Circuit. [Dkt. 66.] The Second Circuit affirmed this Court's dismissal and found Plaintiff's request for a conditional dismissal in its Motion for Reconsideration unavailing. [Dkt. 69.]

This Court now denies the Plaintiff's Motion for Reconsideration for the reasons set forth in the Second Circuit's Mandate. [Dkt. 69 at 4.] First, Plaintiff's request for a conditional dismissal is untimely. Plaintiff did not argue for a conditional dismissal in its opposition to Defendant's Motion to Dismiss, and may not do so for the first time through a Motion for Reconsideration. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (stating a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple").

Second, Plaintiff's request for relief is premature. Plaintiff asserts it will be left without a venue to pursue this litigation if Defendant fails to (i) consent to suit in England, (ii) waive any defenses to personal jurisdiction and accept service, (iii) waive any defenses based on untimeliness, and (iv) agree to restore the litigation to this Court's docket should English courts refuse to accept jurisdiction. [Dkt. 62.] Plaintiff's speculative motions raises concerns which are not yet ripe for adjudication. *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) ("To be justiciable, a cause of action must be ripe – it must present a real, substantial controversy, not a mere hypothetical question.").

Finally, Plaintiff's Motion for Reconsideration is unsupported by any newly discovered evidence, intervening change in applicable law, or showing of manifest injustice which would warrant reconsideration of the Court's dismissal. *Virgin Atl. Airways Ltd. v. National Mediation Board*, 956 F2d. 1245, 1255 (2d Cit. 1992).

3

For the foregoing reasons, Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED, ADJUDGED AND DECREED, this 27th day of July 2017, Hartford, Connecticut.

　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　Vanessa L. Bryant,
　　　　　　　　　　　　　　　　　United States District Judge

Case 3:14-cv-01469-VLB   Document 70   Filed 07/27/17   Page 3 of 3